## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR438 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| SADE J. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 37) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 19) filed by the Defendant, Sade J. Davis, be denied.  Davis filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 38, 39) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Davis is charged in a two-count Indictment with conspiring to distribute and possess with intent to distribute cocaine (Count I) and possession with intent to distribute cocaine (Count II).  She seeks the suppression of evidence obtained at the Greyhound bus station in Omaha, Nebraska, on December 6, 2010.

Following an evidentiary hearing, Judge Thalken issued written findings of fact and conclusions of law.  Judge Thalken concluded: 1) while Davis was seized for Fourth Amendment purposes when Investigator Lutter escorted her off the bus, the seizure did not violate the Fourth Amendment because it was merely an investigative detention supported by reasonable suspicion; and 2) Davis was not in custody for purposes of *Miranda* when she was questioned in the baggage room.  Judge Thalken therefore recommends that the motion to suppress be denied.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

Judge Thalken provided a detailed account of the events surrounding the encounter. The Court has considered the transcript of the hearing conducted by Judge Thalken. The Court also carefully viewed the evidence. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

**FACTUAL BACKGROUND**

Judge Thalken's findings and recommendation include a detailed statement of facts. There are no objections to those facts, and they are adopted.

**ANALYSIS**

Davis argues: 1) her seizure was not supported by reasonable suspicion; and 2) in the baggage room she was in custody for *Miranda* purposes when she was questioned and asked for permission to search her person and her bag.

**Seizure**

Officers found two checked bags without identification tagged with Minneapolis as their destination in two different luggage bays in the bus in which Davis was traveling. No

2

passenger claimed either bag,[1] and officers searched them as abandoned bags.  In one bag Investigator Lutter found two pillows, a sweat suit, a brown powdery substance that appeared to be hot chocolate drink mix, and a plastic lid five inches in diameter. Investigator Lutter knew from his training and experience that substances such as hot chocolate mix are used to mask the odor of controlled substances.  He suspected that the bag had once held controlled substances, although none were found in the bag.  Inside the second bag Investigator Lutter found two large plastic containers.   Inside one of the containers officers found several baseball-sized, duct-taped bundles.  One of the bundles contained a white powder that appeared to be cocaine.  Officers then asked passengers to produce their bus tickets, and only Davis and another passenger, Roy Chandler, were going to Minneapolis.  Chandler and Davis were both questioned inside the baggage room. Davis consented to a search of her person and a third bag she brought into the room. Davis was very nervous.  In searching a third bag that Davis carried with her, Investigator Lutter found two airline baggage claim stubs, one with Davis's name and one with Chandler's name.  While in the room, a call came into Davis's cell phone.  Officer Eberle saw the number from where the call originated, and he noted that Chandler had recently received a call from the same number.  At that point, Davis was handcuffed and read her *Miranda* rights, which she waived.

In support of her objections, Davis cites to several interdiction cases in which courts found a lack of reasonable suspicion.  However, clearly in this case the facts support ample reasonable suspicion for Davis's seizure in the Fourth Amendment context.  Davis and

---

[1]Davis was the only passenger who displayed a nervous reaction when asked whether the first bag was hers.

Chandler very clearly emerged as persons potentially related to the reasonably suspected criminal activity.

**Custody**

Davis relies on the factors set out in *United States v. Griffin*, 922 F.2d 1343 (8th Cir. 1990), to support her argument that she was in custody for *Miranda* purposes in the baggage room. The six factors are whether: the suspect was told she was free to leave or told the questioning was voluntary; the suspect was free to move about; the suspect initiated the contact or voluntarily acquiesced to requests to answer questions; strong-arm or deceptive tactics were used; the atmosphere was police-dominated; and the suspect was arrested after questioning. *Id.* at 1349.

The *Griffin* analysis is not exhaustive and need not be followed meticulously, as explained by the Eighth Circuit Court of Appeals:

> Exploring the nuances of such vague factors as "voluntary acquiescence," "strong arm tactics," and "police-dominated atmosphere" in order to place *828 them on one side or the other of a balancing scale may tend to lose sight of the forest for the trees. The ultimate inquiry must always be whether the defendant was restrained as though he were under formal arrest. And the court must consider whether the historical facts, as opposed to the one-step-removed Griffin factors, establish custody. The debatable marginal presence of certain judicially-created factors that ostensibly tend to "aggravate the existence of custody" cannot create the functional equivalent of formal arrest where the most important circumstances show its absence.

*United States v. Czichray,* 378 F.3d 822, 827-28 (8th Cir. 2004).

As Judge Thalken found, Davis was asked to disembark from the bus, bring the third bag, and enter the baggage room. Davis was told that Investigator Lutter wanted to talk with her about the ownership of the first and second bags. Davis and Chandler were both in the baggage room being questioned in the presence of three officers. Investigator Lutter

4

told Davis she was not under arrest or in trouble at that time.  Davis then agreed to continue the conversation, and she voluntarily answered questions.  Davis readily agreed to the search of the third bag and her person.  She again produced her bus ticket upon request.

At the hearing, Davis produced no evidence contradicting the facts summarized above.  These "historical" facts, together with a *Griffin* analysis, clearly show that Davis was not in custody for purposes of *Miranda* during the time in question in the baggage room.

For the reasons discussed,

IT IS ORDERED:

1.    The Magistrate Judge's Findings and Recommendation (Filing No. 37) is adopted in its entirety;

2.    The Defendant's objections to the Findings and Recommendation (Filing No. 38) are overruled;

3.    The Defendant's motion to suppress (Filing No. 19) is denied.

DATED this 11th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge